# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHERRY V. SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 11-2859-STA-tmp |
| | ) |
| PATRICK R. DONAHOE, Postmaster | ) |
| General, United States Postal Service, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## ORDER TO SHOW CAUSE

Before the Court is the United States Magistrate Judge's Report and Recommendation (D.E. # 89) issued on February 18, 2014. The Magistrate Judge has recommended that the Court deny Plaintiff Sherry V. Shaw's Motion for Summary Judgment (D.E. # 71) and grant Defendant Patrick R. Donahoe's Motion for Summary Judgment (D.E. # 72). Plaintiff has filed timely objections to the Magistrate Judge's Report (D.E. # 90), and Defendant has not responded within the time allowed. For the reasons set forth below, the Report and Recommendations are hereby **ADOPTED**. Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendant's Motion for Summary Judgment is **GRANTED**. The parties are ordered to show cause as to why the Court should not grant Defendant summary judgment on all remaining claims.

## **BACKGROUND**

1

Plaintiff, a former employee of the United States Postal Service, asserts claims for religious discrimination, retaliation, failure to accommodate, hostile work environment, violations of the Labor Management Relations Act of 1947 ("the LMRA"), and state law tort claims for intentional infliction of emotional distress and intentional infliction of physical injury. Plaintiff has moved for summary judgment in her favor on all claims, and Defendant has sought summary judgment only as to Plaintiff's Title VII claims. The Magistrate Judge has recommended that the Court deny Plaintiff's Motion and grant Defendant's Motion. Plaintiff has not objected to the recommended holding on her own Motion for Summary Judgment and has not objected to the recommended holding as to Defendant's Motion on her religious-based Title VII claims. Plaintiff's objections relate only to the proposed dismissal of her Title retaliation claim. The Court has conducted a de novo review of those parts of the Report and Recommendation to which Plaintiff has filed specific objections and finds that those objections lack merit. Therefore, Plaintiff's objections are overruled, and the Magistrate Judge's Report and Recommendations are hereby **ADOPTED**.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the Magistrate Judge may issue a report and recommendation for the disposition of a motion for summary judgment.[1] The Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[2] After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge.[3] The Court need not

---

[1] 28 U.S.C. § 636(b)(1)(B).

[2] § 636(b)(1)(C).

[3] *Id*.

review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made.[4] Rather the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed.[5]

## ANALYSIS

### I. Procedural History

Plaintiff's initial objections relate to the Magistrate Judge's recitation of the procedural history of the case. Plaintiff argues (1) the Report erroneously determined that her original complaint included separate allegations of discrimination as to Plaintiff and a co-worker Rochelle Johnson; (2) the Court erred in severing the complaints of Plaintiff and her co-worker and in denying their motion for joinder; (3) the Court should not have granted Defendant extensions to file motions; (4) the Magistrate Judge erroneously denied Plaintiff's motion to determine the sufficiency of Defendant's discovery responses; and (5) the Magistrate Judge should have weighed Defendant's inconsistent discovery responses against it and considered whether the testimony was perjured. The Court finds that none of these objections relate to the Magistrate Judge's proposed findings of fact and conclusions of law in the Report and Recommendation. Plaintiff has raised a series of objections to orders entered months ago, far outside of the 14-day time limit for filing objections to the orders of a Magistrate Judge, and has not shown why reconsideration or revision of the orders is appropriate at this late stage of the case. Therefore, the Court holds that Plaintiff's objections to the Report's recitation of the procedural history of the case are without merit.

---

[4] *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

[5] *Id.* at 151.

**II. Findings of Fact**

Turning to the merits of the parties' Rule 56 Motions, the Court hereby **ADOPTS** the Report's proposed findings of fact. The Magistrate Judge carefully considered the parties' briefing on the undisputed material facts at summary judgment and concluded that no genuine dispute existed as to the truly material facts. While genuine questions of fact remained as to other facts in the record, the Magistrate Judge determined that those facts were immaterial.

Plaintiff has raised specific objections to the Report's factual findings but only in part. The Court finds that most of Plaintiff's objections are based on a misinterpretation of the Report. For example, Plaintiff objects to the Magistrate Judge's finding that there was no evidence to show Plaintiff informed her supervisors she needed to be off February 5, 2008, to participate in protected EEO activities.[6] In fact, the Report concluded that "[a]lthough this material fact is in dispute, for reasons stated in the Proposed Conclusions of Law, the USPS is entitled to summary judgment even assuming that Shaw's supervisors were aware of her EEO activity as of February 5, 2008."[7] Several other objections follow the same form and suffer from the same defects:

• Plaintiff objects that the Report "erred in its determination that Shaw had not worked alone on May 11, 2008 though June 1, 2008."[8] The Magistrate Judge actually found "no evidence to show that [Plaintiff] ever in fact worked alone."[9] Plaintiff has presented no evidence to the contrary in support of her objections.

---

[6] Pl.'s Objs. to Mag. J.'s Rep. & Recommendation 4.

[7] Mag. J.'s Rep. & Recommendations 6, n.8.

[8] Pl.'s Objs. 5.

[9] Rep. & Recommendations 9.

4

• Plaintiff objects that the Report did not give weight to evidence that Plaintiff informed her supervisors of her concerns about working alone on May 9 and 10, 2008.[10] The Magistrate Judge actually accepted Plaintiff's assertion as true for purposes of his summary judgment analysis.[11]

• Plaintiff objects that the Report erroneously determined she was not scheduled to work on four consecutive Sundays in 2008.[12] The Report actually accepted this fact as true under Rule 56.[13]

• Plaintiff objects to a finding that working alone posed no risk to her safety when no such finding appears in the Report.[14]

• Plaintiff objects to the Report's determination that her supervisor came in on May 11, 2008 through June 1, 2008, when no such finding appears in the Report.[15]

• Plaintiff objects to a finding that Theresa Williams, another postal employee, was asked to work on Sundays, when again the Magistrate Judge made no finding of this kind.[16]

• Plaintiff objects to the Report's finding that she was the least senior employee at her duty station.[17] The Report actually concluded that a genuine dispute existed on this point.[18]

---

[10] Pl.'s Objs. 6.

[11] Rep. & Recommendations 9.

[12] Pl.'s Objs. 5.

[13] Rep. & Recommendations 9.

[14] Pl.'s Objs. 6.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 7, 8.

[18] Rep. & Recommendations 11, n.15.

• Plaintiff objects to the Report's determination that she requested job transfers back to the airport on multiple occasions between January 2009 and May 2011. Plaintiff does not actually challenge the finding but adds that her supervisors submitted an erroneous temporary assignment order on July 24, 2010. The Report did not actually make any findings about the temporary assignment order.

The Court holds that based on its de novo review of the Report, none of these specific objections have merit. Therefore, Plaintiff's objections are overruled.

In other instances, Plaintiff has objected to the Magistrate Judge's proposed conclusion that several facts are immaterial for purposes of summary judgment. "Facts are 'material' only if establishment thereof might affect the outcome of the lawsuit under governing substantive law. A complete failure of proof concerning an essential element necessarily renders all other facts immaterial."[19] The Supreme Court has stated that "determining whether there is a genuine issue of material fact at summary judgment is a question of law" though it "sits near the law-fact divide."[20] Plaintiff has raised the following objections to the Magistrate Judge's conclusion that certain facts were immaterial to the issues presented at summary judgment.

• Plaintiff objects to the Report's conclusion that Plaintiff's working overtime was immaterial. In point of fact, the Magistrate Judge found that a genuine dispute existed about whether Plaintiff was called by management to work overtime but held that the fact was immaterial.[21]

---

[19] *Rodgers v. Monumental Life Ins. Co.*, 289 F.3d 442, 448 (6th Cir. 2002) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

[21] Rep. & Recommendations 6 n.9.

• Plaintiff objects to the Report's conclusion that the type of leave taken by Phyllis Baker in May and June 2008 was immaterial. Prior to May 2008, Baker and Plaintiff were regularly scheduled to work together on Sundays. The parties disagree over whether Baker was on maternity leave during May and June 2008. The Magistrate Judge held that the type of leave taken by Baker was immaterial.

• The Report noted Plaintiff's contention that Tajuana Simmons, another postal employee assigned to the airport, received a promotion before Plaintiff's reassignment to another duty station.[22] According to Plaintiff, Simmons' promotion made it unnecessary for Defendant to reduce the number of clerks at the airport and reassign Plaintiff to a different duty station. The Magistrate Judge held that the dispute was immaterial.

For the reasons set forth in its analysis of the Magistrate Judge's legal conclusions, the Court holds that these facts are immaterial in this case because the facts would not "affect the outcome" of Plaintiff's claims because of Plaintiff's failure to prove other essential elements of her claims.[23] Therefore, Plaintiff's objections to the Magistrate Judge's holding that certain facts were immaterial are overruled.

Plaintiff's only meritorious objection to the proposed findings of fact concerns the date on which she received a letter about her reassignment. The Report stated as follows: "On October 23, 2008 and December 15, 2008, Shaw was given letters notifying her that her job was going to be excessed and she would be reassigned to [another duty station], effective January 3, 2009."[24]

---

[22] *Id.* at 12 n.17.

[23] *Rodgers*, 289 F.3d at 448.

[24] Rep. & Recommendations 11–12.

Plaintiff has shown that she actually received the letter dated December 15, 2008, on December 18, 2008. Plaintiff's objection then must be sustained, though the date does not alter the legal analysis the Court must apply in this case. Otherwise, the Magistrate Judge's proposed findings of fact are **ADOPTED**.

### III. Conclusions of Law

The Magistrate Judge has recommended that Defendant is entitled to summary judgment on Plaintiff's Title VII claims for religious discrimination and retaliation and that Plaintiff is not entitled to summary judgment on any of her claims. The Magistrate Judge conducted an exhaustive analysis of all of the factual grounds alleged by Plaintiff in support of her claims and concluded that she lacked evidence to make out the prima facie elements of her Title VII counts. As previously discussed, Plaintiff has conceded her religious discrimination claims and has not objected to the Magistrate Judge's conclusion to grant Defendant's Motion for Summary Judgment on the claim and deny her own Motion for Summary Judgment. As such, the Report and Recommendations is **ADOPTED** as to Plaintiff's religious discrimination claims without further review.

Plaintiff has filed timely objections to the Magistrate Judge's recommendations on her Title VII retaliation claim. Plaintiff has alleged that Defendant took a series of adverse actions against her in retaliation for various protected activities. The Magistrate Judge analyzed each of the alleged adverse actions supporting Plaintiff's retaliation claim and concluded that Plaintiff could not make out a prima facie case as to any of them. Because the Report considers each claim separately and Plaintiff has filed separate objections as to each claim, the Court will analyze each issue in turn.

### A. Involuntary Reassignment to Another Postal Facility

The Magistrate Judge concluded that Plaintiff could not establish a retaliation claim based

on her involuntary reassignment to a different postal facility, the Memphis Processing and Distribution Center, located at 555 South Third Street in Memphis (the "PD&C facility"). Plaintiff argued in response to Defendant's Rule 56 Motion that her reassignment meant a longer commute, working the night shift, and more strenuous job duties. The Magistrate Judge found no evidence to support these claims and reasoned that Plaintiff's transfer to the other facility was not an adverse action. The Report further held that the increase in Plaintiff's commute to work without more was a *de minimis* action and that no reasonable juror could find that the extra mileage materially altered the terms and conditions of Plaintiff's employment.

In her objections, Plaintiff now argues that the transfer was materially adverse due to the greater commute, her change to the night shift, a loss in sick leave, diminished job responsibilities, and the overall desirability of the post. Once again Plaintiff has not cited evidence to support all of her claims, though she does for the first time cite proof showing that she was required to work the 10:00 p.m. to 6:30 a.m. shift at the PD&C facility.[25] The Sixth Circuit has held that "[t]ransfers can be considered adverse actions if they are accompanied by a change in salary, benefits, title, or work hours, 'significantly diminished material responsibilities, or other indices that might be unique to a particular situation.'"[26] The Court would add that in his summary judgment briefing, Defendant argued that Plaintiff "cannot establish a materially adverse change in the terms and conditions of

---

[25] Att. 46 to Pl.'s Reply in Support of Mot. Challenging Sufficiency of Resp. to Requests for Admission, (D.E. # 83-1, Page ID 1586). This proof was not cited in Plaintiff's summary judgment briefing but was instead part of a voluminous exhibit attached to support another motion filed with the Magistrate Judge. Under the circumstances, the Magistrate Judge did not err in failing to consider it. Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

[26] *Arnold v. City of Columbus*, 515 F. App'x 524, 532 (6th Cir. 2013) (quoting *Kocsis v. Multi–Care Mgmt., Inc.* 97 F.3d 876, 886 (6th Cir. 1996)).

employment with regard to any of her complaints other than the abolishment of her job and reassignment to the P&DC."[27] From this record, a genuine dispute arguably exists about whether Plaintiff's reassignment was an adverse action. The Court finds that it need not resolve the issue in order to decide Plaintiff's objections to the Report and Recommendation.[28]

Even if Plaintiff's transfer was an adverse action, Plaintiff has not shown that the relevant decision-makers were aware of her protected activity. According to Defendant, the decision to eliminate Plaintiff's position at the airport and reassign her to the PD&C facility was made by upper management: local Postmaster Ramona Mitchell and customer service operations managers Michelle Jordan and James Rodgers.[29] There is no evidence Plaintiffs' immediate supervisors Bertrand Tate and Ave Williford were involved in the decision-making process.[30] From this evidence, the Court holds that Plaintiff has no evidence of a causal connection between her protected activity and her transfer to the PD&C facility. Plaintiff admits that she had never engaged in prior EEO activity against Mitchell or Rodgers. Although she had previously named Jordan in an EEO complaint. Plaintiff made that charge in 2000, eight years before Plaintiff's reassignment to the PD&C facility.

---

[27] Def.'s Mem. in Support Mot. for Summ. J. 11 (D.E. # 72-2); see also *id.* at 6 ("With maybe the exception of her complaint that her job was abolished and she was reassigned to the P&DC, Shaw has not alleged anything that qualifies . . . as a materially adverse employment action.").

[28] Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[29] Def.'s Mem. in Support 9–10 (D.E. # 72).

[30] Plaintiff contends that Michelle Jordan testified to Tate's involvement in the decision to transfer Plaintiff to the PD&C facility. Pl.'s Statement of Material Facts in Opp'n to Def.'s Mot. for Summ. J. 8–9. However, Plaintiff has not actually attached the record cited in support of her claim. Therefore, the Court finds this contention to be unsupported in the record.

"The time difference between these two incidents—eight years—is too long to permit an inference of causal connection absent some other evidence."[31] Without evidence showing that she engaged in more recent protected activity against one of the decision-makers about her transfer, Plaintiff cannot prove an essential element of her retaliation claim. Therefore, the Court holds that Defendant is entitled to summary judgment on to this issue. The relevant portion of the Report and Recommendations are modified accordingly.

**B. Remaining Adverse Actions**

With respect to Plaintiff's remaining claims for retaliation, Plaintiff argues that Defendant took a number of other adverse actions against her in retaliation for Plaintiff's protected EEO activity. First, the Magistrate Judge reasoned that the denial of overtime was a *de minimis* action, which failed to constitute an adverse action for purposes of Title VII, and that Plaintiff could not establish a causal connection. The only causation evidence adduced by Plaintiff was the temporal proximity between her protected activity and the denial of overtime, a matter of three months. Plaintiff has cited no evidence or legal authority to call the Magistrate Judge's conclusions into doubt. Plaintiff simply restates her claim that she was entitled to overtime on a rotating basis. The Court holds that without more Plaintiff has not shown an adverse action based on the few occasions on which she believes she was denied overtime. Moreover, the Court holds that evidence of temporal proximity alone is insufficient in this case to establish causation. Therefore, the Magistrate Judge's proposed conclusions of law are adopted as to this issue.

Next, Plaintiff objects to the Magistrate Judge's conclusions as to her unsafe work environment claim and her change in reporting time claim. The Magistrate Judge held that Plaintiff

---

[31] *Plumb v. Potter*, 212 F. App'x 472, 482 (6th Cir. 2007).

had no evidence she ever worked alone or that an "alleged unsafe work environment" and a change in her reporting time could constitute adverse actions. In her objections, Plaintiff restates in conclusory fashion that she was intentionally denied a safe working environment and had her work hours altered "to inflict emotional distress and create a hostile work environment." Plaintiff cites no legal authority to dispute the Magistrate Judge's recommended holdings on these claims.[32] Therefore, the Court adopts the Magistrate Judge's proposed conclusion as to these issues.

As for Plaintiff's retaliation claim based on the denial of her request for a change in her work schedule, the Magistrate Judge held that Plaintiff could not prove an adverse action or show that a similarly situated non-protected employee was treated more favorably. In her objections, Plaintiff argues that there is evidence of pretext to support her claim about the denial of her request to change her schedule. However, the Magistrate Judge never reached the pretext stage and simply concluded that Plaintiff could not prove the prima facie elements of her claim, specifically the adverse action and comparator employee elements. Plaintiff has not actually addressed the Magistrate Judge's analysis of her prima facie evidence. Nor has Plaintiff cited evidence or legal authority to challenge the Magistrate Judge's recommended holding. Therefore, the Court adopts the Magistrate Judge's proposed conclusion as to the denial of Plaintiff's request for a change in schedule.

---

[32] Plaintiff does object to the Magistrate Judge's statement in dicta that "[t]he court does not see how a change in Shaw's schedule (made at her request) could amount to an adverse employment action." Rep. & Recommendations 30. Plaintiff has cited evidence that her schedule changed in July 2008 but argues that she did not request the change. Plaintiff overlooks the fact that the schedule change resulted from her complaints about working alone on Sundays. Even if this isolated statement in the Report was erroneous, Plaintiff has not shown why the Court should not adopt the Magistrate Judge's legal conclusion that her change in reporting time did not rise to the level of an adverse action. *Id.* ("In any event, requiring an employee to work certain shifts, even if that shift requires them to work alone, does not constitute an adverse employment action.").

Finally, the Magistrate Judge has concluded that Plaintiff's retaliation claims based on the termination of her training and the denial of her retreat rights should be dismissed. With respect to the training, the Report held that "that no reasonable juror could conclude that Shaw has established a claim of retaliation when her training (on a machine she would no longer be operating) was temporarily canceled" and then reinstated after she complained.[33] In a similar fashion, the Magistrate Judge held that Plaintiff had not suffered an adverse action by not being allowed to return to her job at the airport station, when the undisputed evidence showed that no openings existed at the airport station during the time relevant to her retreat requests.[34] In her objections under a section titled "Termination of Training," Plaintiff states, "Shaw considers the relocation to the downtown Memphis PD&C on the midnight shift to be a very undesirable assignment intended to punish Shaw for her protected activities."[35] In her objections to the Magistrate Judge's holding on the denial of her retreat rights claim, Plaintiff merely states she "was denied retreat rights . . . in retaliation because of her prior EEO activity."[36] The Court finds that Plaintiff's objections are not responsive to the Magistrate Judge's conclusions on these issues and fail to set forth any factual or legal grounds to reject the Magistrate Judge's recommendation. Therefore, the Report is adopted as to these issues.

**C. Remaining Claims**

Plaintiff moved for summary judgment on her remaining claims for hostile work

---

[33] Rep. & Recommendations 38.

[34] It appears to the Court that the Magistrate Judge considered Plaintiff's claims for the violation of her retreat rights and the denial of her in-section bids together. *Id.* 38–39. Plaintiff has not made a specific objection to this aspect of the Magistrate Judge's analysis.

[35] Pl.'s Objs. 15.

[36] *Id.*

environment, violations of the LMRA, and the torts of intentional infliction of emotional distress ("IIED") and intentional infliction of physical injury. The Magistrate Judge held that Plaintiff had not even made out her prima facie case for hostile work environment, IIED, or violations of the LMRA. The Magistrate Judge concluded that a cause of action for the intentional infliction of physical injury did not even exist under Tennessee law. As a result, the Magistrate Judge has recommended that Plaintiff's Rule 56 Motion be denied as to these claims. Nevertheless, the Magistrate Judge highlighted that Defendant had not sought summary judgment on the claims, and as such the Magistrate Judge has not recommended that the claims be dismissed. The Court also notes that Defendant failed to file any response to the Magistrate Judge's Report and Recommendations within the time permitted.

Under Federal Rule of Civil Procedure 56(f), "[a]fter giving notice and a reasonable time to respond, the court may (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."[37] Therefore, the parties are ordered to show cause as to why the Court should not grant summary judgment on Plaintiff's claims for hostile work environment, IIED, the intentional infliction of physical injury, and violations of the LMRA for the reasons stated in the Magistrate Judge's Report. The parties' show cause responses are due within fourteen (14) days of the entry of this order.

## CONCLUSION

Having considered Plaintiff's objections, the parties' summary judgment briefs, and the entire record de novo, the Court hereby adopts the Magistrate Judge's Report and Recommendation.

---

[37] Fed. R. Civ. P. 56(f).

Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendant's Motion for Summary Judgment is **GRANTED**. The parties' show cause responses on Plaintiffs' remaining claims are due within fourteen (14) days of the entry of this order.

    **IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 21, 2014.