# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHERRY V. SHAW, | ) |
|       Plaintiff, | ) |
| v. | )     No. 11-2859-STA-tmp |
| PATRICK R. DONAHOE, Postmaster General, United States Postal Service, et al., | ) |
|       Defendants. | ) |

## ORDER GRANTING DEFENDANT SUMMARY JUDGMENT ON PLAINTIFFS' REMAINING CLAIMS

Before the Court are the parties' responses to the Court's show cause order entered on March 21, 2014. Defendant Patrick R. Donahoe filed his response (ECF No. 95) on April 4, 2014, and Plaintiff Sherry V. Shaw filed her response (ECF No. 96) on April 25, 2014. For the reasons set forth below, the Court grants Defendant judgment as a matter of law on Plaintiff's remaining claims.

## BACKGROUND

The United States Magistrate Judge set out the complete factual background of this case in his report and recommendation, which the Court adopted by order (ECF No. 91) dated March 21, 2014. The Court need not review the full factual background here. Plaintiff, a former employee of the United States Postal Service, asserted claims for religious discrimination, retaliation, failure to accommodate, hostile work environment, violations of the Labor Management Relations Act of 1947 ("the LMRA"), and state law tort claims for intentional infliction of emotional distress and

1

intentional infliction of physical injury. Plaintiff sought summary judgment in her favor on all claims, and Defendant moved for summary judgment only as to Plaintiff's Title VII claims. The Magistrate Judge recommended that the Court deny Plaintiff's Motion and grant Defendant's Motion. Based on its de novo review of Plaintiff's objections to the report and recommendation, the Court adopted the Magistrate Judge's recommendation, granted Defendant's motion, and denied Plaintiff's motion.

In addition to ruling on the parties' Rule 56 motions, the Court ordered the parties to show cause as to why the Court should not enter summary judgment in Defendant's favor on all of Plaintiffs' remaining claims for the reasons stated in the Magistrate Judge's report. In her Rule 56 motion, Plaintiff had moved for summary judgment on her claims for hostile work environment, violations of the LMRA, and the torts of intentional infliction of emotional distress ("IIED") and intentional infliction of physical injury. The Magistrate Judge concluded in his report that Plaintiff could not make out her prima facie case for hostile work environment, IIED, or violations of the LMRA. The Magistrate Judge held that Tennessee did not recognize a tort claim for the intentional infliction of physical injury. Nevertheless, because Defendant had not sought summary judgment on these claims, the Magistrate Judge did not recommend that the claims be dismissed. Defendant failed to file any response to the Magistrate Judge's report and recommendations within the time permitted. Under the circumstances, the Court ordered the parties to show cause as to why the Court should not grant summary judgment *sua sponte* on Plaintiff's claims for hostile work environment, IIED, the intentional infliction of physical injury, and violations of the LMRA for the reasons stated in the Magistrate Judge's report.

In his show cause response, Defendant argues that the Court should grant him summary

judgment on all remaining claims. Defendant first argues that Plaintiff has no evidence to support her hostile work environment claim. Plaintiff can only show that she properly exhausted a hostile work environment claim based on being subjected to a single investigative interview, her reassignment to another postal facility and the denial of her retreat rights. The Court has already addressed these discrete acts and concluded that they did not support Plaintiff's other Title VII claims. Defendant argues then that these same events do not rise to the level of a hostile work environment. Next Defendant contends that the Federal Employees Compensation Act and its comprehensive workers compensation programs is Plaintiff's exclusive remedy for her infliction of physical injury claim. As such, the Court lacks jurisdiction to hear Plaintiff's claim for any physical job-related injury. Defendant also argues that the Federal Tort Claims Act is Plaintiff's only remedy for her IIED claim and that Plaintiff has failed to administratively exhaust such a claim. Finally, Defendant asserts that Plaintiff's LMRA claim fails as a matter of law because the postal service, and not the Postmaster General, is the proper party in such a claim. For these reasons, Defendant requests that the Court grant him judgment as a matter of law on Plaintiff's remaining claims.

Plaintiff has filed a show cause response along with her own affidavit. The Court notes that Plaintiff, who had at all times represented herself in this matter, has now retained counsel. Plaintiff begins by conceding her claim for the intentional infliction of physical injury and her LMRA claim, leaving only her claims for hostile work environment and IIED. As a procedural matter, Plaintiff objects to the Court's show cause order and argues that the Court's order "is inherently prejudicial to Plaintiff's rights to trial by jury" and upsets the burden-shifting structure of Rule 56 practice.[1] Plaintiff requests that the Court reconsider its show cause order. As for the merits of her remaining

---

[1] Pl.'s Show Cause Resp. 3 (ECF No. 96).

claims, Plaintiff contends that Defendant is not entitled to summary judgment on her hostile work environment claim. Plaintiff argues that Defendant failed to oppose her motion for summary judgment on the hostile work environment claim and failed to adduce any evidence to dispute Plaintiff's claim for hostile work environment. According to Plaintiff, it is too late for Defendant to now assert that the acts forming the basis of Plaintiff's claim simply do not rise to the level of a hostile work environment. For similar reasons, Plaintiff contends summary judgment in favor of Defendant on her IIED claim would be improper. Defendant did not respond to Plaintiff's arguments on this issue in briefing Plaintiff's motion for summary judgment or in response to the Magistrate Judge's report. Now Defendant raises the defense of the Federal Tort Claims Act for the first time in his show cause response. Defendant did not plead the defense in its responsive pleading or in any previously filed dispositive motion. Plaintiff argues then that Defendant has waived the defense. On the merits, Plaintiff disputes the Magistrate Judge's conclusion that Plaintiff suffered only "sporadic instances" of alleged intentional conduct, which were insufficient under Tennessee law to constitute outrageous conduct. Therefore, Plaintiff argues that triable issues remain and that the Court should not grant summary judgment *sua sponte*.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] The Supreme Court has stated that "[t]hough determining whether there is a genuine issue of material fact at summary judgment is a question of

---

[2] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

law, it is a legal question that sits near the law-fact divide."[3] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party,[4] and the "judge may not make credibility determinations or weigh the evidence."[5] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[6] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[7] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[8] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[9]

When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[10] Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).

[4] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[5] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[6] *Celotex*, 477 U.S. at 324.

[7] *Matsushita*, 475 U.S. at 586.

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[10] *Anderson*, 477 U.S. at 251–52.

that party's case, and on which that party will bear the burden of proof at trial."[11]

## ANALYSIS

**I. Plaintiff's Conceded Claims**

In her brief, Plaintiff states her intention to dismiss voluntarily her claims under the LMRA and her tort claim for the intentional infliction of physical injury. Based on Plaintiff's concessions, the Court dismisses those claims without further discussion. Therefore, Defendant is granted summary judgment on the claims under the LMRA and for the intentional infliction of physical injury.

**II. Plaintiff's Objections to the Show Cause Procedure**

As an initial matter, Plaintiff objects to the Court's order that the parties show cause as to why Plaintiff's remaining claims should not be dismissed for the reasons stated in the Magistrate Judge's report. Plaintiff has also moved the Court to reconsider the show cause order. The Court finds Plaintiff's procedural objection to be without merit. Specifically, Plaintiff's characterization that the Court's order somehow disturbed the proper procedure for summary judgment under Rule 56 is unfounded. The parties had a full opportunity to file Rule 56 motions, evidentiary materials, and response briefs, which were all considered in the first instance by the Magistrate Judge and then by the Court.[12] Plaintiff sought judgment as a matter of law on all of her claims, including her claims for hostile work environment and IIED. In his report and recommendation, the Magistrate Judge analyzed Plaintiff's hostile work environment claim and concluded that "Shaw has not established

---

[11] *Celotex*, 477 U.S. at 322.

[12] The Court notes that Plaintiff's contention to the contrary notwithstanding, Defendant did oppose her motion for summary judgment on the hostile work environment claim. *See* Def.'s Resp. in Opp'n 6–7 (ECF No. 81).

a *prima facie* case of Title VII discrimination based upon a hostile work environment."[13]  As for Plaintiff's IIED claim, the Magistrate Judge concluded that "[t]he sporadic instances of alleged religious discrimination and retaliation do not meet Tennessee's very high standard for outrageousness."[14]  Based on these conclusions, the Magistrate Judge recommended that the Court deny Plaintiff's motion for summary judgment on the claims.  The Magistrate Judge noted that Defendant had not sought summary judgment on the claims and so properly declined to make any recommendation as to the claims other than the denial of Plaintiff's motion.

Even so, the same lack of evidentiary and legal support that precluded summary judgment in Plaintiff's favor also suggested to the Court that Defendant might be entitled to judgment as a matter of law on the claims.  For this reason, the Court exercised its discretion to consider summary judgment on the claims *sua sponte* according to the procedure set forth in Rule 56 itself.  Under Rule 56(f), "[a]fter giving notice and a reasonable time to respond, the court may (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."[15]  "A district court does not abuse its discretion in *sua sponte* granting summary judgment so long as the losing party was on notice that it had to come forward with all of its evidence and had a reasonable opportunity to respond to all the issues to be considered by the

---

[13] Mag. J.'s Rep. & Recommendation 41 (ECF No. 89).

[14] *Id.* at 44.

[15] Fed. R. Civ. P. 56(f).

7

court."¹⁶

In this case both parties had notice and a reasonable opportunity to respond to the issues by virtue of their Rule 56 motions and briefing for the Magistrate Judge, the chance to raise objections to the Magistrate Judge's report and recommendation, and now in response to the Court's show cause order. The Court would highlight the fact that both parties have filed responses to the show cause order, and Plaintiff has submitted a new affidavit in support of her claims. Moreover, it bears emphasis that the parties were ordered "to show cause as to why the Court should not grant summary judgment on Plaintiff's [remaining claims] *for the reasons stated in the Magistrate Judge's Report*."¹⁷ The Magistrate Judge had already concluded that Plaintiff lacked evidence to carry her burden on the hostile work environment and IIED claims. The parties were not required then to address novel issues or new grounds for dismissal. On the contrary, the evidence and the law was already fully briefed. In short, the Court did not *sua sponte* raise the issue of summary judgment on these claims in a vacuum but after the parties had discovery and filed dispositive motions, and the Magistrate Judge had concluded that Plaintiff did not have proof to make out the claims.

The procedural posture of the case at bar is easily distinguishable from the case Plaintiff cites for support, *Louzon v. Ford Motor Co.*, 718 F.3d 556 (6th Cir. 2013). In *Louzon*, the district court initially denied the defendant's motion for summary judgment on the plaintiff's employment discrimination claims. In an apparent attempt to relitigate the issue, the defendant went on to file

---

¹⁶ *Bennett v. City of Eastpointe*, 410 F.3d 810, 816 (6th Cir. 2005) (internal quotation marks omitted); *see also Celotex Corp.*, 477 U.S. at 326 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte,* so long as the opposing party was on notice that it had to come forward with all of its evidence.").

¹⁷ Order Adopting the Rep. & Recommendation 14 (ECF No. 91).

8

a motion in limine to exclude the plaintiff's evidence of similarly situated, comparator employees. The district court granted the motion in limine and then ordered Plaintiff to show cause as to why it should not enter summary judgment in favor of the defendant. On appeal the Sixth Circuit concluded that the district court had improperly considered non-evidentiary matters in deciding the motion in limine, in effect converting the motion in limine into a motion for summary judgment.[18] Furthermore, the district court applied the incorrect legal standard to the plaintiff's discrimination claim and improperly resolved issues of fact in determining the motion in limine.[19]

*Louzon* did not address the issue presented in this case, that is, the proper exercise of a district court's discretion to raise summary judgment *sua sponte*. Notably, the district court in *Louzon* had held in denying the defendant's motion for summary judgment that the plaintiff had carried his burden to adduce proof of comparator employees, only to reverse itself in its later ruling on the motion in limine. Here by contrast, the Magistrate Judge prepared a report and recommendation on the parties' Rule 56 motions and concluded that Plaintiff had no evidence to support her hostile work environment and IIED claims, a holding that clearly suggests Defendant is entitled to judgment as a matter of law. Under the circumstances, the Court's show cause order was simply a means to give the parties "notice and a reasonable time to respond" that the Court may "grant summary judgment for a nonmovant" and was "consider[ing] summary judgment on its own after [the Magistrate Judge had identified] for the parties material facts that may not be genuinely in dispute."[20] Therefore, Plaintiff's objection to the Court's decision to consider summary judgment

---

[18] *Louzon*, 718 F.3d at 561–62.

[19] *Id.* at 563.

[20] Fed. R. Civ. P. 56(f).

9

*sua sponte* is overruled.

Plaintiff further argues that the Court's show cause order and the possibility of granting summary judgment *sua sponte* infringes her right to have her remaining claims tried to a jury. However, "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see *whether there is a genuine need for trial*."[21] Summary judgment "is designed to eliminate a trial in cases where there are no genuine issues of material fact."[22] In this case the Magistrate Judge already concluded that Plaintiff could not make out her claim for hostile work environment or IIED. Had Defendant sought summary judgment on the claims in the first instance, it is probable that the Magistrate Judge would have recommended the dismissal of the claims as a matter of law. Thus, Plaintiff's objection that the Court's show cause order and grant of summary judgment *sua sponte* will deny her a jury trial is without merit. Therefore, Plaintiff's motion to reconsider the show cause order is **DENIED**.

### III. Hostile Work Environment

The Magistrate Judge previously found that "Shaw has not established a *prima facie* case of Title VII discrimination based upon a hostile work environment."[23] The Magistrate Judge explained that Plaintiff's proof did not "rise to the level of a hostile work environment" because Defendant's acts were not so "severe or pervasive such that a reasonable person would find it hostile or

---

[21] Fed. R. Civ. P. 56 advisory committee notes (emphasis added).

[22] *Louzon*, 718 F.3d at 561; *see also Herndon v. Henderson*, 238 F.3d 421 (6th Cir. 2000) (unreported decision) ("Where there are no properly controverted factual issues, no jury trial is required.").

[23] Mag. J.'s Rep. & Recommendation 41 (ECF No. 89) (citing *Fullen v. City of Columbus*, 514 F. App'x 601, 608–609 (6th Cir. 2013)).

abusive."[24] Plaintiff had not demonstrated that management's conduct interfered in any way with her work performance or "altered the conditions of her employment."[25] Perhaps most importantly, Plaintiff had no evidence that management took action against with discriminatory intent. In her response to the show cause order, Plaintiff criticizes Defendant's briefing of the issue, arguing that Defendant only cited cases and failed to dispute the proof on which Plaintiff relies to support her claim. Plaintiff argues that she is entitled to summary judgment in her favor for this reason alone. Plaintiff argues without elaboration that the evidentiary "record is full of instances of extreme hostility."[26] Plaintiff has also attached an affidavit as additional support for her hostile work environment claim.

The Court holds that for the reasons stated in the Magistrate Judge's report, Defendant is entitled to summary judgment on Plaintiff's hostile work environment claim. Viewing the record evidence in the light most favorable to Plaintiff, Plaintiff has failed to adduce evidence of an objectively hostile work environment. With respect to whether the alleged harassment had the effect of unreasonably interfering with plaintiff's work performance and creating an objectively intimidating, hostile, or offensive work environment, an employee is not required to show that the alleged harassment was both subjectively and objectively severe and pervasive.[27] Rather, she need only show that "the [work] environment is objectively hostile and the harassment is subjectively

---

[24] *Id.*

[25] *Id.*

[26] Pl.'s Show Cause Resp. 8 (ECF No. 96).

[27] *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 274 (6th Cir. 2009).

severe and pervasive."[28] Whether Plaintiff subjectively viewed the alleged harassment as severe and pervasive "is quintessentially a question of fact."[29] Plaintiff's affidavit attached to her show cause response provides ample proof to support her subjective views about the alleged harassment. The Court finds that Plaintiff has carried her burden at the summary judgment stage as to the subjective element of the alleged harassment.

The question before the Court then is whether a fact issue exists as to whether a reasonable person could have found the work environment to be objectively hostile. The Court must look at the totality of the circumstances to analyze whether the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.[30] Appropriate factors to consider include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[31] "Isolated incidents. . ., unless extremely serious, will not amount to discriminatory changes in the terms or conditions of employment."[32] Additionally, the law draws a distinction between harassment and harassment that

---

[28] *Id.*; *see also Williams v. Gen. Motors Corp.*, 187 F.3d 553, 568 (6th Cir. 1999) ("[t]he focus of the objective/subjective inquiry should remain on (1) whether a reasonable person would find the environment objectively hostile, and (2) whether the plaintiff subjectively found the conduct 'severe or pervasive.' ").

[29] *Jordan v. City of Cleveland*, 464 F.3d 584, 597 (6th Cir. 2006) (citation and internal quotation marks omitted).

[30] *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 707 (6th Cir. 2007) (citation and quotation makes omitted).

[31] *Id.* (quotation omitted).

[32] *Bowman v. Shawnee St. Univ.*, 220 F.3d 456, 463 (6th Cir. 2000).

12

is based on a plaintiff's protected activity.[33] Therefore, only incidents that occurred because of a plaintiff's protected status are properly considered in the context of a claim of hostile work environment.[34]

As the Magistrate Judge correctly held, Plaintiff has not adduced evidence from which a reasonable person could find her work environment to be objectively hostile. The conduct appears to have occurred intermittently over a period of years. There is no evidence that management physically threatened or humiliated Plaintiff. There is no evidence of any offensive utterances or disparaging remarks addressed to Plaintiff. The gravamen of Plaintiff's grievances is that management altered her job duties and even reassigned her to a different post. Plaintiff has only shown a series of discrete acts, all of which the Court has already held did not constitute acts of discrimination. Therefore, the Court holds that Plaintiff cannot make out her hostile work environment claim, and Defendant is entitled to judgment as a matter of law on the claim.

**IV. Intentional Infliction of Emotional Distress**

In his report, the Magistrate Judge held that Plaintiff had no evidence to support her IIED claim other than her allegations related to retaliation and discrimination. The Magistrate Judge reasoned that "[t]he sporadic instances of alleged religious discrimination and retaliation do not meet Tennessee's very high standard for outrageousness."[35] To prove a claim for IIED, Plaintiff must show that: (1) the conduct complained of was intentional or reckless, (2) it was so outrageous that

---

[33] *Howard v. Bd. of Educ. of Memphis City Schs.*, 70 F. App'x 272, 282 (6th Cir. 2003).

[34] *Id*. (citations omitted).

[35] *Id.* at 44.

13

it is not tolerated by a civilized society, and (3) it resulted in serious mental injury.[36] Outrageous conduct does not include "mere insults, indignities, threats, annoyances, petty oppression or other trivialities."[37] Thus, a plaintiff seeking damages for IIED must meet "an exacting standard," one which requires a plaintiff to prove conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community."[38] "Recovery for intentional infliction of emotional distress is limited to mental injury which is so severe that no reasonable person would be expected to endure it."[39] Discrimination or termination of one's employment is typically insufficient to prove an IIED claim.[40]

The Court holds that just as with the hostile work environment claim, Defendant is entitled to summary judgment on Plaintiff's IIED claim for the reasons stated in the in the Magistrate Judge's report. The proof simply does not meet the "exacting standard" to make out an IIED claim under Tennessee law. Defendant has raised for the first time in his show cause response that Plaintiff's tort claim must be analyzed under the Federal Tort Claims Act. The Court need not reach this argument to decide the merits of Plaintiff's IIED claim. Defendant is granted summary judgment on this

---

[36] *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

[37] *Id.* (quoting *Medlin v. Allied Inv. Co.*, 398 S.W.2d 270, 274 (Tenn. 1966)); *Arnett v. Domino's Pizza I, L.L.C.*, 124 S.W.3d 529, 539 (Tenn. Ct. App. 2003).

[38] *Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn. 1999) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

[39] *Arnett*, 124 S.W.3d at 540.

[40] *Nettles v. Hotel Peabody, G.P.*, No. 2:09-CV-02776-JPM, 2010 WL 5093362, at *3 (W.D. Tenn. Dec. 8, 2010) (citations omitted).

claim.

## CONCLUSION

The Court holds that no genuine issue of material fact exists as to Plaintiff's claims for hostile work environment or IIED.  Plaintiff has now conceded her claims under the LMRA and the tort of intentional infliction of physical injury.  Having now concluded that Defendant is entitled to judgment as a matter of law on all of Plaintiff's claims, this case is hereby dismissed.

**IT IS SO ORDERED.**

                                      **s/ S. Thomas Anderson**
                                      S. THOMAS ANDERSON
                                      UNITED STATES DISTRICT JUDGE

                                      Date: May 19, 2014.